IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JILL KILBRIDE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0389-WS-M |
| | ) |
| STEVE VRONDRAN, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court based on *sua sponte* review of the court file.

    The record reflects that plaintiff Jill Kilbride perfected service of process on defendants Stephen W. Vrondran, Kokomos Water Sports, Inc., GSJ Limited Liability Company, and Perdido Beach Parasailing via personal service on June 26, 2007. (Docs. 9-12.) When defendants failed to file a responsive pleading or otherwise to appear in this action for the next 30 days, plaintiff filed an application for entry of default (doc. 14) on July 27, 2007. A Clerk's Entry of Default (doc. 15) was entered as to all four defendants on July 30, 2007. More than three weeks later, on August 23, 2007, defendants filed an Answer (doc. 16) without seeking leave of court or otherwise making any attempt to lift the default against them.[1]

    This is improper. Defendants continue to labor under the Clerk's Entry of Default entered because of their failure to answer the Complaint within the time provided by the Federal Rules of Civil Procedure. Unless and until it is set aside, "[t]he entry of a default against a defendant ... severely limits the defendant's ability to defend the action." *Tyco Fire & Sec., LLC v. Alcocer*, 2007 WL 542583, *3 (11th Cir. Feb. 22, 2007). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Twist and Shout Music v. Longneck*

---

    [1]     It appears that defendants filed identical copies of the Answer as two separate docket entries, as documents 16 and 17 appear to be entirely duplicative. To eliminate such redundancy in the court file, document 17 is hereby **stricken**.

*Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues."). Thus, the legal effect of defendants' default in this case is that they have admitted all well-pleaded facts in the Complaint. Their mere filing of an Answer in which they categorically "den[y] each and every material allegation" of the Complaint in no way operates to mitigate the default or to counteract its debilitating effects on their ability to defend against plaintiff's allegations.

To the extent that defendants wish to participate in these proceedings and to contest the well-pleaded facts set forth in the Complaint, they cannot do so unless they meet their burden of showing why the Clerk's Entry of Default should be set aside pursuant to Rule 55(c), Fed.R.Civ.P. Any such request by defendants will be assessed in accordance with the legal principles set forth in *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996), and its progeny. Unless and until defendants file such a motion to set aside the default, they remain vulnerable to entry of default judgment upon proper application by plaintiff.[2]

For all of these reasons, defendants are **ordered**, on or before **September 4, 2007**, to **show cause** why the Clerk's Entry of Default should be set aside pursuant to Rule 55(c),

---

[2] The Court notes that, aside from the obvious procedural infirmities in defendants' attempt to file a responsive pleading after entry of default, their Answer is flawed for another reason. Rather than setting forth a paragraph-by-paragraph admission or denial of the factual allegations of the Complaint, defendants resort to a blanket denial in which they deny "each and every material allegation and demand[] strict proof thereof." (Answer, at 1.) Such general denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure. *See Matter of Crawford,* 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure"). Under Rule 8(b), Fed.R.Civ.P., denials set forth in an answer "shall fairly meet the substance of the averments denied." *Id.* Moreover, a general denial such as that offered by defendants is appropriate only when "the pleader intends in good faith to controvert all the averments of the preceding pleading." *Id.* Any such general denial is expressly made "subject to the obligations set forth in Rule 11." *Id.* By all appearances, the current form of Answer proffered by defendants is in violation of Rules 8(b) and 11(b)(4), Fed.R.Civ.P. For that reason, if the default is lifted, defendants will be required either to file an amended answer or to show cause why their blanket denial of all factual allegations in the Complaint is justified here after reasonable investigation by defendants' counsel.

Fed.R.Civ.P.  Failing a timely submittal by defendants, the Court will entertain any motion for default judgment that plaintiff may submit after that date.

    DONE and ORDERED this 27th day of August, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
